IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

CHARLES MINGUS, JR.,            )
                                )
          Plaintiff,            )
                                )
vs.                             )   Case No. 14-3001-CV-S-ODS
                                )
CAROLYN W. COLVIN,              )
Acting Commissioner of Social Security, )
                                )
          Defendant.            )

## ORDER AND OPINION AFFIRMING
## COMMISSIONER'S FINAL DECISION DENYING BENEFITS

Pending is Plaintiff's appeal of the Commissioner of Social Security's final decision denying his applications benefits under Title II and Title XVI. The Commissioner's decision is affirmed.

"[R]eview of the Secretary's decision [is limited] to a determination whether the decision is supported by substantial evidence on the record as a whole. Substantial evidence is evidence which reasonable minds would accept as adequate to support the Secretary's conclusion. [The Court] will not reverse a decision simply because some evidence may support the opposite conclusion." Mitchell v. Shalala, 25 F.3d 712, 714 (8th Cir. 1994) (citations omitted). Though advantageous to the Commissioner, this standard also requires that the Court consider evidence that fairly detracts from the final decision. Forsythe v. Sullivan, 926 F.2d 774, 775 (8th Cir. 1991) (citing Hutsell v. Sullivan, 892 F.2d 747, 749 (8th Cir. 1989)). Substantial evidence means "more than a mere scintilla" of evidence; rather, it is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. Gragg v. Astrue, 615 F.3d 932, 938 (8th Cir. 2010).

Plaintiff alleged a disability onset date of October 11, 2009. Before his onset date, Plaintiff underwent back surgery (in 2002 and again in 2007) and right hip replacement (in 2005). In 2008 he was diagnosed with peripheral vascular disease and in 2011 he had stents implanted in his left iliac artery. In December 2011, Plaintiff's

primary care physician – Dr. Tha Dun – completed two Medical Source Statements. The first Medical Source Statement ("MSS") indicated that due to back pain Plaintiff could lift only five pounds frequently, stand or walk fifteen minutes occasionally and one hour per day, sit for one hour total per day, and needed to lie down for ten minutes every hour. R. at 784-85. The other MSS addressed Plaintiff's mental capabilities and is not really at issue in this appeal.

Plaintiff first faults the ALJ for failing to accord substantial weight to Dr. Dun's MSS. The ALJ noted that the MSS's weightlifting limitation was "inconsistent with the claimant's testimony regarding this ability to lift" and that the limitations were inconsistent with Plaintiff's description of his daily activities. The ALJ described Dr. Dun's assessment of Plaintiff's ability to sit and stand and need to lie down as "extreme functional limitations [that] are inconsistent with the routine and conservative nature of the claimant's treatment for his musculoskeletal disorders and peripheral vascular disease." The ALJ also observed that "Dr. Dun's notes . . . do not show any significant reductions in the claimant's range of motion in his spine, loss of strength in his extremities, sensory deficits, or reduced reflexes." R. at 18. The ALJ discussed these factors again later in his written opinion, and at the same time opined that "Dr. Dun's treatment notes also do not record any significant reductions in range of motion, extremity strength, sensory deficits, or diminished reflexes, which suggests that he relied on the claimant's subjective complaints as the basis for his opinion." This latter point was problematic, as the ALJ found Plaintiff's subjective complaints were not credible. R. at 19.

A treating physician's opinion may be disregarded if it is unsupported by clinical or other data or is contrary to the weight of the remaining evidence in the record. E.g., Anderson v. Astrue, 696 F.3d 790, 793-094 (8th Cir. 2012); Halverson v. Astrue, 600 F.3d 922, 929-30 (8th Cir. 2010); Pena v. Chater, 76 F.3d 906, 908 (8th Cir. 1996). Plaintiff does not seriously dispute the ALJ's finding that Dr. Dun's notes do not set forth a degree of severity comparable to that described in his MSS. He does not dispute the lack of diagnostic data before the MSS was prepared; he refers the Court to x-rays taken in April 2012, or approximately four months after Dr. Dun completed the MSS, but this does not provide support for Dr. Dun's MSS. He contends the ALJ was not entitled

to consider the conservative nature of his care, but this is not a correct statement of law. Cf. Perkins v. Astrue, 648 F.3d 892, 888-89 (8th Cir. 2011). This consideration does not constitute a disagreement with the doctor over the proper course of treatment; rather, it is an observation that the doctor's prescribed course of treatment is inconsistent with his or her MSS. It is a specific application of the general rule that allows an ALJ to rely on inconsistencies between the doctor's contemporaneous treatment notes and the MSS to find that the contemporaneous treatment notes and treatment decisions conflict with – and are more probative than – the MSS.

Plaintiff also contends the ALJ erred in deciding he was not fully credible (an issue that is not only important in its own right, but also because it formed an additional reason for discounting Dr. Dun's MSS). In evaluating Plaintiff's credibility, the ALJ noted Plaintiff's testimony was "inconsistent with objective medical evidence, and with his activities of daily living." R. at 19. His testimony was also inconsistent with statements he made to the consulting physician, Dr. Matthew Ericksen. R. at 18. Plaintiff endeavors to explain away the inconsistencies and re-cast them in a manner that makes them seem less important, but it is the ALJ's job to weigh factors bearing on credibility and the Court is not permitted to substitute its assessment of the facts. E.g., Baldwin v. Barnhart, 349 F.3d 549, 555 (8th Cir. 2003). All the Court can do is confirm that law permits consideration of the factors relied upon, and there is no serious dispute that the factors the ALJ relied upon are permitted by Polaski v. Heckler, 739 F.2d 1320 (8th Cir. 1984) (subsequent history omitted).

The Commissioner's final decision is affirmed.

IT IS SO ORDERED.

DATE: October 28, 2014

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT